THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY WILFORD MCCLOY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR COMPASSIONATE RELEASE**<br><br>Case No. 1:17-cr-00070-DN<br>Case No. 1:17-cr-00083-DN<br><br>District Judge David Nuffer |

Defendant filed motions seeking a reduction of his sentences or compassionate release ("Motions").[1] Defendant argues that his medical conditions and risk of serious illness if he were to contract COVID-19 constitute extraordinary and compelling reasons to warrant reduced sentences or compassionate release.[2] The government[3] and the United States Probation Office[4] oppose Defendant's Motions.

Because Defendant fails to demonstrate extraordinary and compelling reasons to warrant reduced sentences or compassionate release, his Motions[5] are DENIED.

---

[1] Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), docket no. 61 in No. 1:17-cr-00070-DN, filed Oct. 21, 2021; Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), docket no. 58 in No. 1:17-cr-00083-DN, filed Oct. 21, 2021 (collectively "Motions"). Defendant's Motions are identical.

[2] Motions at 4-6.

[3] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i), docket no. 62 in No. 1:17-cr-00070-DN, filed under seal Nov. 11, 2021; United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i), docket no. 59 in No. 1:17-cr-00083-DN, filed under seal Nov. 11, 2021 (collectively "Responses"). The government's Responses are identical.

[4] First Step Act Relief Recommendation ("Recommendation"), docket no. 63-1 in No. 1:17-cr-00070-DN, filed under seal Nov. 11, 2021. While the Probation Office filed its Recommendation in only one of Defendant's criminal cases (No. 1:17-cr-00070-DN), the Recommendation is applicable to Defendant's Motions in both criminal cases.

[5] Docket no. 61 in No. 1:17-cr-00070-DN, filed Oct. 21, 2021; Docket no. 58 in No. 1:17-cr-00083-DN, filed Oct. 21, 2021. Defendant has not filed reply memoranda in support of his Motions and the time for such filings has

## DISCUSSION

### Defendant's Motions are procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[6] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[7]

On April 8, 2020, Defendant submitted a request for relief under the First Step Act to the warden at FCI Butner I (where Defendant is incarcerated).[8] The request was denied on April 14, 2020.[9] Defendant submitted an administrative appeal of the denial on April 16, 2020, which was denied on June 6, 2020.[10] Defendant then submitted a second request for relief to the warden, which was denied on May 18, 2021.[11] And on October 14, 2021, Defendant submitted a third request for relief to the warden.

While 30 days had not passed from Defendant's third request for relief to the warden before he filed his Motions on October 21, 2021, the third request was substantially similar to

---

passed. Based on the facts and arguments presented, reply memoranda are unnecessary and would not aid in the determination of Defendant's Motions or affect the disposition of the Motions.

[6] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[7] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[8] Request for Administrative Remedy and Response, docket no. 61-1 in No. 1:17-cr-00070-DN, filed Oct. 21, 2021; Request for Administrative Remedy and Response, docket no. 58-1 in No. 1:17-cr-00083-DN, filed Oct. 21, 2021.

[9] *Id*.

[10] *Id*.

[11] Defendant's Requests and BOP Denials, docket no. 62-2 in No. 1:17-cr-00070-DN, filed under seal Nov. 11, 2021; Defendant's Requests and BOP Denials, docket no. 59-2 in No. 1:17-cr-00083-DN, filed under seal Nov. 11, 2021.

Defendant's other requests which were denied. And well over 30 days passed from the submission and denial of Defendant's other requests. Under these circumstances, Defendant's Motions are procedurally proper, and their merits may be addressed.[12]

## Defendant is not entitled to compassionate release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[13]

### Defendant fails to demonstrate extraordinary and compelling reasons to warrant compassionate release

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[14] However, this discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[15]

Defendant argues that his medical conditions and the risks caused by the COVID-19 pandemic constitute extraordinary and compelling reasons to warrant compassionate release.[16] Defendant's argument lacks merit. Whether considered individually or collectively, Defendant's

---

[12] 18 U.S.C. § 3582(c)(1)(A).

[13] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[14] *Id*. at 832.

[15] *Id*. The USSC has defined "extraordinary and compelling reasons" to include serious medical conditions, the defendant's age, and certain family circumstances. U.S.S.G. 1B1.13. However, this policy statement is not applicable to Defendant's Motion. *Maumau*, 993 F.3d at 837.

[16] Motions at 3-6.

circumstances do not constitute extraordinary and compelling reasons to warrant compassionate release.

Defendant is 50 years old and he suffers from chronic Hepatitis C that has caused cirrhosis of the liver, including esophageal varices.[17] He is also obese and has an ankle injury from an industrial accident that never properly healed, and which has caused him skin, blood, and bone infections.[18] Defendant medical conditions have required hospitalization outside the prison medical facility at which he is in custody.[19] And Defendant's medical conditions also place him at increased risk of serious illness if he were to contract COVID-19.[20]

However, Defendant's medical conditions were known at the time of his sentencing. And Defendant does not assert that he is not receiving adequate treatment for his medical conditions while in custody. To the contrary, Defendant acknowledges that he is receiving treatment for his conditions, including transport to outside hospitals when necessary.[21] Defendant also does not assert that his medical conditions rise to the level of imminent death or that he is prevented from self-care while incarcerated. Additionally, Defendant is fully vaccinated for COVID-19.[22] Current CDC guidance states that COVID-19 vaccines are effective at protecting individuals from getting sick, and that fully vaccinated individuals can resume activities without wearing a mask or social distancing.[23] There is also only the potential that Defendant may contract

---

[17] *Id*. at 4-6; First Step Act Relief Eligibility Report ("Report") at 2, docket no. 63 in No. 1:17-cr-00070-DN, filed under seal Dec. 15, 2021. While the Probation Office filed its Report in only one of Defendant's criminal cases (No. 1:17-cr-00070-DN), the Report is applicable to Defendant's Motions in both criminal cases.

[18] Motions at 5-6.

[19] *Id*. at 4-8.

[20] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 4, 2022).

[21] Motions at 4-6.

[22] Defendant's Medical Records from 2021 and Previous at 754, docket no. 62-3, filed under seal Nov. 11, 2021.

[23] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited Jan. 4, 2022).

COVID-19 despite being fully vaccinated. This potential exists whether Defendant remains in custody or is granted compassionate release.

On this record, Defendant's medical conditions, the conditions of his confinement, and the risks caused by the COVID-19 pandemic do not constitute an extraordinary and compelling reason to warrant a reduced sentence or compassionate release.

**The relevant factor of 18 U.S.C. § 3553(a) do not support granting compassionate release**

Even if Defendant had demonstrated extraordinary and compelling reasons to warrant a reduced sentence or compassionate release, the relevant factors of 18 U.S.C. § 3553(a) do not support granting him relief. Defendant was convicted of one count of Possession of Methamphetamine with Intent to Distribute in case no 1:17-cr-00070-DN,[24] and one count of Possession of Methamphetamine with Intent to Distribute in case no. 1:17-cr-00083-DN.[25] The offense conduct involved Defendant's possession of 42.35 grams of actual methamphetamine on September 29, 2017, and Defendant's possession of 1090.75 grams of actual methamphetamine on November 22, 2017.[26] Defendant also had numerous prior convictions, including: possession and attempted possession of controlled substances; absconding and attempted absconding; theft by receiving stolen property and theft of mail; and purchase or possession of a dangerous weapon and attempted purchase or possession of a dangerous weapon.[27] Defendant's offense level was 31 and his criminal history category was VI, which gave Defendant a guideline range

---

[24] Judgment in a Criminal Case ("No. 1:17-cr-00070-DN Judgment") at 1, docket no. 56 in No. 1:17-cr-00070-DN, filed July 5, 2018.

[25] Judgment in a Criminal Case ("No. 1:17-cr-00083-DN Judgment") at 1, docket no. 53 in No. 1:17-cr-00083-DN, filed July 5, 2018.

[26] Presentence Investigation Report ("PSR") ¶¶ 3-10 at 4-5, docket no. 55 in No. 1:17-cr-00070-DN, filed under seal July 5, 2018; docket no. 52 in No. 1:17-cr-00083-DN, filed under seal July 5, 2018.

[27] *Id*. ¶¶ 29-44 at 7-14.

of imprisonment of 188 to 235 months.[28] The charges also carried a five-year and a 10-year minimum mandatory sentence.[29] As part of a plea agreement, Defendant was sentenced to a 60-month term of incarceration in case no 1:17-cr-00070-DN to run concurrently with a 120-month term of incarceration in case no. 1:17-cr-00083-DN.[30] This reflects a prison term that is 68 months below the low end of Defendant's guideline range and 115 months below the high end of the guideline range.[31] He was also sentenced to a 60-month term of supervised release.[32]

Defendant has served approximately 50 months of his 120-month term of imprisonment. He has a projected release date of May 29, 2026.[33] While in custody Defendant has had no disciplinary actions and has completed a drug education program and a variety of educational class in subjects public speaking, wellness spinning class, yoga, entrepreneurship business model, business and marketing concepts, interfaith life skills, and the civil war.[34]

Considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the serious nature and circumstances of Defendant's offenses, the appropriateness of the original 120-month sentence (which was the minimum mandatory sentence), and the need to protect the public from further crimes (particularly given Defendant's long criminal history involving controlled substances) weigh heavily against granting a reduced sentence or compassionate release. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not support granting Defendant relief.

---

[28] *Id*. ¶ 80 at 20.

[29] *Id*. ¶¶ 78-79 at 20.

[30] No. 1:17-cr-00070-DN Judgment at 2; No. 1:17-cr-00083-DN Judgment at 2.

[31] Report at 3.

[32] No. 1:17-cr-00070-DN Judgment at 3; No. 1:17-cr-00083-DN Judgment at 3.

[33] Report at 3.

[34] *Id*. at 5.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motions[35] are DENIED.

Signed January 4, 2022.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[35] Docket no. 61 in No. 1:17-cr-00070-DN, filed Oct. 21, 2021; Docket no. 58 in No. 1:17-cr-00083-DN, filed Oct. 21, 2021.